FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMY KATHERINE RIGGS,<br><br>Defendant. | No. 2:23-CR-00045-RMP-1<br><br>ORDER FOLLOWING DETENTION HEARING ON INDICTMENT<br><br>**MOTION GRANTED**<br>**(ECF No. 9)** |

On May 4, 2023, the Court held a detention hearing for Defendant AMY KATHERINE RIGGS. Defendant appeared in custody represented by court-appointed Attorney Matthew Duggan. Assistant U.S. Attorney Caitlin Baunsgard represented the United States. U.S. Probation Officer Patrick Dennis was also present.

### I. DETENTION HEARING

The United States moved for Defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(C). **ECF No. 9 at 2**. The Government has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A). *Id*. at 3.

The Government made factual proffers and argued there are no conditions the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government proffered that based on text messages, statements from cooperating

ORDER - 1

defendants/individuals, video evidence, and other witness statements, Defendant is directly associated with a fugitive leader/organizer of a Drug Trafficking Organization ("DTO") operating from Mexico who became a fugitive while under Indictment in the Eastern District of Washington. *See* ECF No. 139, Case No. 2:15-CR-138-TOR-1. The Government further proffered that Defendant is a trusted and entrenched member of the DTO and Defendant has been in regular communication with the fugitive leader of the DTO.

The United States also proffered that during the timeframe of the offense alleged against Defendant in the Indictment, Defendant was tasked with organizing the distribution of controlled substances on behalf of the DTO and on one occasion with recovering controlled substances believed to be stolen from the DTO. The Government proffered that with respect to efforts to recover the alleged stolen controlled substances, Defendant found others to assist in the recovery of the controlled substances and Defendant's vehicle was recorded on video with at least one muzzle flash observed coming from a firearm within the vehicle during an attempt to recover the stolen controlled substances. The Government further proffered that Defendant's cellular phone was tracked to the vicinity of the vehicle at the same time as the preceding events, along with the cellular phones of one or more individuals Defendant had allegedly recruited to assist her, all suggesting Defendant was at least present during the incident. The Government also proffered that during the course of the investigation, at least one firearm was seized from a room occupied by Defendant along with quantities of controlled substances.

Defendant, through counsel, proffered that she has no criminal history, has the support of her family, and has a place to reside. Defendant also directly addressed the Court on multiple occasions, despite reminders from the Court concerning her right to silence, and disputed the Government's proffer, asserting that the information proffered by the Government was merely "hearsay" evidence.

ORDER ~ 2

The Court has reviewed and considered the United States' Motion for Detention, **ECF No. 9,** the Pretrial Services Report, ECF No. 18, and the arguments and proffers of counsel.

## II. APPLICATION OF THE BAIL REFORM ACT

### A. The Bail Reform Act Generally.

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish by a preponderance of the evidence that no release condition or combination of conditions are sufficient to reasonably assure a defendant's risk future appearance and/or by clear and convincing evidence that no release condition or combination of conditions are sufficient to reasonably assure the safety of any other person and the community. *Motamedi*, 767 F.2d at 1406–07. Here it is undisputed that the United States may seek Defendant's detention because this case involves a specified crime under the Controlled Substances Act for which the maximum penalty is imprisonment of ten years or more. *See* ECF Nos. 1, 3; 18 U.S.C. § 3142(f)(1)(C).

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community, the Court has considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition,

ORDER - 3

family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).

B.     **Rebuttable Presumption of Detention.**

Here the United States also invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A) as this case involves an offense under the Controlled Substances Act for which the maximum penalty is imprisonment of ten years or more.  *See* ECF No. 9 at 2.  In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the presumption applies.  18 U.S.C. § 3142(e)(3).  The Court agrees that the rebuttable presumption of detention applies.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)."  *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, Defendant proffered that she does not have a significant criminal history; she is willing to abide by any conditions the Court may impose; and she has family support along with a place to reside.  Defendant's proffer is sufficient to overcome the presumption of detention and in this case.

ORDER ~ 4

C. **Nature and Circumstances of the Charged Offense.**

The nature and circumstances of the charged offense are serious. In addition to the serious charges set forth in the Indictment, the Government has proffered that Defendant is in direct contact with a federal fugitive who is continuing to direct the operations of a DTO from Mexico; Defendant is a trusted member of the DTO; Defendant has organized and/or participated in acts of violence on behalf of the DTO; and Defendant has possessed firearms along with controlled substances during the course of the offense charged in the Indictment. The Government asserts its proffers are based on text messages, statements from cooperating defendants/witnesses, and other evidence. Defendant has not seriously contested the Government's proffers aside from asserting that the proffers are based on hearsay. Despite Defendant's protests, however, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).

Again, while the Bail Reform Act does not abrogate Defendant's presumption of innocence and the Court presumes Defendant's innocence, the nature of the allegations in the Indictment are serious and carry serious consequences. Additionally, there are serious additional allegations of Defendant's participation and/or instigation of violence; firearm possession by Defendant; and Defendant's ongoing contact with a federal fugitive. This factor weighs in favor of Defendant's detention.

D. **Weight of the Evidence.**

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). The weight of the evidence in this case appears to be substantial. The Government has proffered that its case is supported by substantial evidence including cooperating defendants/witnesses, electronic

ORDER - 5

evidence, evidence derived from search warrants, and other evidence. This factor weighs in favor of Defendant's detention, though it is the least important factor.

E.     **Defendant's History and Characteristics.**

Defendant has no criminal history and appears to have a supportive family, a place to reside, and as significant long-term ties to the Eastern District of Washington. These factors are in Defendant's favor.

The United States, however, has proffered that Defendant's history and characteristics also include significant ties to a federal fugitive operating from Mexico and a willingness to engage in violence on behalf of the DTO. The Government also submits that Defendant may be incentivized to utilize her connections with the DTO to flee the country. Ultimately, this factor weighs in favor of Defendant's detention.

F.     **Nature and Seriousness of the Danger to the Community Posed by Defendant's Release.**

Finally, the United States asserts that Defendant would pose an unacceptable risk to the safety of the community if released. The Government relies on its proffers discussed above concerning Defendant's firearm possession, alleged participation in violence and/or organizing violence on behalf of the DTO. As set forth above, the Government has proffered that Defendant was involved with at the least organizing acts of violence on behalf of the DTO and potentially directly involved with acts of violence on behalf of the DTO. The Government also proffered that at least one firearm was seized from a location associated with Defendant during the course of the investigation. Based on the facts and proffers before the Court, this factor weighs in favor of Defendant's detention.

### III.   ORDER

As previously noted, the Court has reviewed and considered the United States' Motion for Detention, **ECF No. 9,** the Pretrial Services Report, ECF

ORDER ~ 6

No. 18, and the arguments and proffers of counsel.  Pursuant to 18 U.S.C. § 3142, the Court has also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).

The Court finds for the reasons stated in this Order and during the hearing that, based on the unique facts and circumstances of this case, the United States has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and the United States has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released.

**IT IS HEREBY ORDERED:**

1. The United States' Motion for Detention, **ECF No. 9**, is **GRANTED** subject to right to return before the Court should circumstances change.  Defendant shall be held in detention pending disposition of this case or until further order of the Court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

ORDER ~ 7

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested.  This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED May 8, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8