FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 2:23-CR-00045-RMP-1 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| AMY KATHERINE RIGGS, | **MOTION DENIED** (ECF No. 24) |
| Defendants. | |

On July 24, 2023, the Court held a detention review hearing to consider Defendant AMY KATHERINE RIGGS' Motion for Reconsideration of Release Conditions.  **ECF No. 24**.  Defendant appeared while in custody with court-appointed counsel Matthew Duggan.  Assistant U.S. Attorney Caitlin Baunsgard represented the United States.  U.S. Probation Officer Patrick J. Dennis was also present.

Previously, the Court held a contested detention hearing in this case on May 4, 2023.  ECF No. 19.  The Court granted the Government's Motion for Detention, ECF No. 9, and entered an Order Following Detention Hearing on Indictment ("Detention Order"), ECF No. 20.  The findings in the Court's prior Detention Order are incorporated herein by reference.

Defendant now seeks **a temporary furlough to American Behavioral Health Services (ABHS), an inpatient substance abuse treatment facility on**

ORDER - 1

**July 25, 2023, at 2:00 p.m.** to avail herself of inpatient substance abuse treatment. The United States and U.S. Probation both oppose Defendant's release plan.

Defendant, through counsel, presented a release plan to inpatient substance abuse treatment and argued there are conditions that justify reconsidering the issues of detention and that such conditions will reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant proffered that Defendant's current difficulties are fueled by her ongoing addiction.

The United States argued there are no conditions that justify reconsidering the issue of detention and there are no conditions that can be imposed that would reasonably assure Defendant's appearance as required and/or safety of any other person and the community. The Government again proffered that based on text messages, statements from cooperating defendants/individuals, video evidence, and other witness statements, Defendant is directly associated with a fugitive leader/organizer of a Drug Trafficking Organization ("DTO") operating from Mexico who became a fugitive while under Indictment in the Eastern District of Washington. *See* ECF No. 139, Case No. 2:15-CR-138-TOR-1. The Government further proffered that Defendant is a trusted and entrenched member of the DTO and Defendant has been in regular communication with the fugitive leader of the DTO who is believed to be in Mexico.

The United States also again proffered that during the timeframe of the offense alleged against Defendant in the Indictment, Defendant was tasked with organizing the distribution of controlled substances on behalf of the DTO and on one occasion with recovering controlled substances believed to be stolen from the DTO. The Government proffered that with respect to efforts to recover the alleged stolen controlled substances, Defendant was tasked with finding others to assist in

ORDER - 2

the recovery of the controlled substances and Defendant's vehicle was recorded on video with at least one muzzle flash from a firearm observed coming from within the vehicle during an attempt to recover the stolen controlled substances. The Government further proffered that Defendant's cellular phone was tracked to the vicinity of the vehicle at the same time as the preceding events, along with the cellular phones of one or more individuals Defendant had allegedly recruited to assist her, all suggesting Defendant was at least present when a firearm was discharged. The Government also proffered that during the course of the investigation, at least one firearm was seized from a room occupied by Defendant along with quantities of controlled substances.

Finally, the Government also asserted that the United States believes Defendant poses a serious risk of flight. The Government contended that given Defendant's position in the DTO as proffered by the United States, Defendant could potentially flee to Mexico using the DTO's resources and her established contacts in Mexico.

On the record before the Court, for the reasons stated during the hearing and for the reasons stated in the Court's prior Detention Order, ECF No. 20, the Court must deny Defendant's Motion for Reconsideration of Release Conditions, ECF No. 24. The Court finds that a temporary furlough to a non-custodial inpatient substance abuse facility is not appropriate based on the findings set forth in the Court's prior Detention Order and during the hearing on the instant motion. Defendant's temporary release, even for the purposes set forth in Defendant's Motion for Reconsideration of Release Conditions, would present an unacceptable risk of Defendant's nonappearance at future proceedings and an unacceptable risk to the safety of any other person and the community.:

ORDER - 3

**IT IS ORDERED:**

1. The Defendant's First Motion for Reconsideration of Release Conditions, **ECF No. 24,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

ORDER - 4

5.  If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id.*

**IT IS SO ORDERED.**

DATED August 7, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 5